**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**OSCAR LEONEL ZACARIAS PEREZ,**
**Petitioner,**

**v.**

**WARDEN, BUTLER COUNTY CORRECTIONAL COMPLEX,**

**Respondent.**

**Case No. 1:26-cv-790**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Merz**

## ORDER

Petitioner Oscar Leonel Zacarias Perez, proceeding pro se, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 4), requesting: (1) a determination that his arrest and continued detention are unconstitutional and unlawful; (2) his immediate release from immigration custody; and (3) any other relief that the Court deems just and proper. For the reasons explained below, the Court **DISMISSES** the case **WITHOUT PREJUDICE**.

## BACKGROUND

Perez is a Guatemalan citizen who has lived in the United States for "several years" while working as a construction laborer. (Doc. 4, #30). He resided in New Jersey with his minor daughter but "frequently … travel[ed] temporarily to different states to participate in construction projects." (*Id.* at #29). On June 29, 2026, Perez was "lawfully working as a construction laborer" in Ohio. (*Id.* at #26). A sheriff's deputy stopped him "during a roadside encounter" and summoned United States Immigration and Customs Enforcement (ICE) agents to the scene. (*Id.* at #30). Upon

their arrival, the agents arrested Perez and placed him in immigration detention at the Butler County Correctional Complex in Hamilton, Ohio. (*Id.*). That is also where he was located when he filed this petition. But from what the Court can tell, he is no longer there. Rather, the available information suggests that ICE transferred Perez outside of Ohio on or around September 11, 2026. *See Online Detainee Locator System*, U.S. Dep't of Homeland Sec., https://locator.ice.gov/odls/#/results [https://perma.cc/YXV3-54CV].

In any event, Perez filed this petition on August 7, 2026, naming the warden of the Butler County Correctional Complex (his jailer at the time) as Respondent. (*Id.*). While the exact nature of each count is somewhat unclear, Perez asserts four claims: (1) he has not been presented with a judicial warrant or any explanation of the lawful basis for his arrest in violation of the Fourth Amendment; (2) his continued detention while his immigration case is pending deprives him of his Fifth Amendment right to Due Process; (3) his detention is unlawful because it results from an unconstitutional arrest; and (4) his continued detention unreasonably interferes with his ability to prepare his immigration defense and causes exceptional family hardship. (*Id.* at #26–27). Unfortunately, Perez failed to file required service documents and cover sheets with his petition, so the Court gave him until September 8 to correct this deficiency. (*See* 8/7/26 Min. Entry). That date has passed without action from Petitioner, so the matter is ripe for the Court's review.[1]

[1] The EOIR Automated Case Information database indicates that an immigration judge ordered Petitioner's removal on August 24, 2026, after Perez filed the petition. *Automated Case Information*, U.S. Dep't of Just., Exec. Off. of Immigr. Rev.,

## LAW AND ANALYSIS

District courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). Courts apply a two-step analysis to determine whether they have jurisdiction[2] over a habeas petition: (1) identify the proper respondent to the petition, and (2) determine whether it has territorial jurisdiction over that respondent. *Aguilar v. Dunbar*, 809 F. Supp. 3d 718, 723–24 (E.D. Mich. 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)). If the Court lacks territorial jurisdiction over the proper respondent, it may dismiss the petition without prejudice for lack of jurisdiction or transfer it to a district where habeas jurisdiction lies. *Id.* at 730; 28 U.S.C. §§ 1406(a), 1631.

---

https://acis.eoir.justice.gov/en/case [https://perma.cc/D5DD-NU8J]. However, immigration detainees may request a bond hearing challenging their detention until an order of removal becomes final. *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 734 (6th Cir. 2026); OCIJ Immigration Court Practice Manual 8.3(b)(2) (immigration judge loses jurisdiction to conduct bond hearing after alien is "denied relief from removal … and the alien does not appeal"); 8 C.F.R. § 1241.1 (final orders of removal); *see also Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) ("Although [a] court may not review discretionary decisions made by immigration authorities, it may review immigration-related detentions to determine if they comport with the demands of the Constitution" (citing *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001))). Petitioner's appeal of the removal order is due on September 23, 2026, after which the order of removal becomes final and Petitioner becomes ineligible for a bond hearing. *Automated Case Information*, *supra.*

[2] The exact contours of jurisdiction in this area are hard to draw with precision, though there are some clear guideposts:

> Jurisdiction in [the habeas] context does not mean subject-matter jurisdiction. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 n.7 (2004). Nor does it appear to mean personal jurisdiction, although federal courts diverge on this point. *Id.* at 445–447; *but see id.* at 451 (Kennedy, J., concurring) ("In my view, the question of the proper location for a habeas petition is best understood as a question of personal-jurisdiction or venue.").

*Aguilar v. Dunbar*, 809 F. Supp. 3d 718, 723 (E.D. Mich. 2025) (citation modified). The Supreme Court "defines habeas jurisdiction in terms of 'territorial jurisdiction,'" and it is clear that "territorial jurisdiction may be addressed on the court's own initiative." *See id.* at 723 (citing *Padilla*, 542 U.S. at 444).

As explained below, Perez's petition must be dismissed for two reasons. First, the sole party he names is not a proper respondent. *See Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003). Second, compounding the problem, the Court has strong reason to believe that ICE has transferred Petitioner outside of the Court's territorial jurisdiction since the Petition was filed. *See Online Detainee Locator System*, *supra*. As a result, the Court lacked—and cannot now acquire—jurisdiction over this habeas petition. *See Padilla*, 542 U.S. at 443 ("for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"). Nor would transfer be appropriate without reliable information regarding Petitioner's current detention location. Therefore, the Court concludes it must dismiss the case for lack of jurisdiction.

The Sixth Circuit held that, absent extraordinary circumstances, "the INS District Director for the district where a detention facility is located," not the warden of the detention facility, is the proper respondent for habeas petitioners challenging immigration detention. *See Roman*, 340 F.3d at 320, 322, 325; *Quintero v. Warden, Mahoning Cnty. Jail*, No. 4:26-cv-1470, 2026 WL 2415482, at *3, 8 (N.D. Ohio Aug. 19, 2026) (Armstrong, Mag. J., R. & R.) (recommending dismissal of habeas petition naming warden of immigration detention facility as sole respondent). That is because the INS District Director is the person who "'has power over' alien habeas corpus petitioners," and is thus the proper respondent in a habeas suit. *See Roman*, 340 F.3d at 320 (citation omitted); *cf. id.* ("It is clear that the INS does not vest power over detained aliens in the wardens of detention facilities because the INS relies on state

and local governments to house federal INS detainees."). True, frequent transfers between detention facilities may deny detainees "a meaningful opportunity for [habeas corpus] relief." *Id.* at 326. But in such circumstances, the petitioner's correct move is to go *up* the chain—"an alien may properly name a respondent other than his immediate custodian because a petition naming a higher level official, such as the Attorney General, could be adjudicated without interruption in the event of a transfer." *Id.*

Consistent with that, district courts applying the *Roman* exception have declined to dismiss supervisory officials when they are named as respondents in addition to the INS District Director. *See, e.g., Garcia v. Noem*, 813 F. Supp. 3d 734, 747 (W.D. Mich. 2025) (declining to dismiss the Secretary of the Department of Homeland Security as respondent because of "the need to ensure that Respondents maintain authority to enforce this Court's grant of habeas relief … in the event that Petitioner is transferred out of the Western District of Michigan"), *contra Martinez Hernandez v. Raycraft*, No. 3:25-cv-2591, 2026 WL 698639, at *3 (N.D. Ohio Mar. 12, 2026) (Greenberg, Mag. J., R. & R.) (recommending dismissal of respondents other than INS District Director).

But, as noted at the outset, conspicuously absent from the list of appropriate respondents is the warden of the detention facility. That is a problem for Perez, as his petition names the Butler County Correctional Complex warden as the sole respondent. (Doc. 4, #21). So, the Court must dismiss the petition without prejudice for lack of jurisdiction because Petitioner has failed to name a proper respondent. *See*

*Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (holding that failure to name proper respondent in habeas petition requires dismissal for lack of jurisdiction); *see also Quintero*, 2026 WL 2415482, at *3; *Billiteri v. U.S. Bd. of Parole*, 541 F.2d 938, 948 (2d Cir. 1976).

Were Petitioner still here, the Court might provide him an opportunity to cure this defect by amending his petition to name the INS District Director (or someone higher up the chain if warranted) as the respondent. *See Roman*, 340 F.3d at 322; *see also Stanley*, 21 F.3d at 360 (instructing lower court to dismiss for lack of jurisdiction unless petitioner timely amended petition to name correct party as respondent); *West v. Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent). But given Petitioner's apparent transfer to a detention facility outside of the Court's territorial jurisdiction, which occurred before habeas jurisdiction had attached in this Court to a suit involving a proper respondent, the Court concludes that it lacks jurisdiction to grant such leave to amend here. Therefore, it must simply dismiss the case, albeit without prejudice to Petitioner refiling in the district in which he is detained (at which time, given the possibility of future transfers, Petitioner may want to name a higher-up official in addition to the INS District Director).

## CONCLUSION

Accordingly, the Court **DISMISSES** the case **WITHOUT PREJUDICE** for lack of jurisdiction. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the Court's docket.

**SO ORDERED.**

September 17, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**